**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT PIERCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-1251-G** |
| | ) | |
| **GARY PARLI, an individual, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Plaintiff Robert Pierce, appearing pro se, filed an Amended Complaint (Doc. No. 19) raising claims under Oklahoma law against multiple defendants. Defendant Gary Parli then filed a Motion to Dismiss (Doc. No. 21), seeking to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). Concurrently with his Response to the Motion to Dismiss (Doc. No. 22), Plaintiff filed a Declaration (Doc. No. 23) with attachments, presenting Plaintiff's sworn statement, a nonparty's sworn statement (Doc. No. 23-1), and other evidence (Doc. Nos. 23-2, -3, 4).

Now before the Court is Defendant's Motion to Strike (Doc. No. 27), seeking in relevant part to strike Plaintiff's Declaration as improperly filed.[1] Plaintiff has filed a Response in opposition (Doc. No. 29).

Defendant argues that Plaintiff's Declaration, filed without leave of Court, is an

---

[1] Defendant's Motion to Strike also seeks to strike a Declaration (Doc. No. 25) submitted by Plaintiff in support of his Motion for Entry of Default (Doc. No. 24). The Motion for Entry of Default was denied, however, and so that aspect of the Motion to Strike is moot. *See* Order of July 15, 2026 (Doc. No. 30).

improper attempt to supplement or amend the Amended Complaint and defeat dismissal. *See* Def.'s Mot. to Strike at 2-3; *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) ("Generally, a court may only consider the contents of a complaint when ruling on a motion to dismiss."). Plaintiff objects, asserting that "the documents in [the] Declaration are central to [Plaintiff's] claims and are specifically alleged in" the Amended Complaint. Pl.'s Resp. at 3-5; *see Cuervo*, 112 F.4th at 1312 (noting that, in addition to the complaint, courts ruling on a motion to dismiss "may also consider documents that a plaintiff (1) attaches to her complaint; (2) incorporates by reference in her complaint; or (3) refers to in her complaint and that are central to her complaint and indisputably authentic").

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Generally, motions, briefs, and memoranda may not be attacked by a motion to strike." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (omission and internal quotation marks omitted). Further, until the Court disposes of the Motion to Dismiss it is not yet evident whether Plaintiff's Declaration properly may be considered for purposes of that ruling. The Court will determine at that time which, if any, of the documents in the Declaration shall be considered and which disregarded.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike (Doc. No. 27) is DENIED.

IT IS SO ORDERED this 18th day of September, 2026.

CHARLES B. GOODWIN
United States District Judge